UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK WAYNE SMITH,<br><br>                    Plaintiff,<br><br>          v.<br><br>KERNAN, et al.,<br><br>                    Defendants. | Case No. 2:18-06513 AB (ADS)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS** |

I.      **INTRODUCTION**

Plaintiff Frederick Wayne Smith, a current prisoner at Kern Valley State Prison, proceeding pro se, filed a Complaint under 42 U.S.C. § 1983. [Dkt. No. 1]. After multiple rounds of screening, Plaintiff failed to file a complaint that stated any claim upon which relief could be granted, failing to comply with Federal Rule of Civil Procedure 8 ("Rule 8") to file a short, plain statement of a claim for relief. [Dkt. Nos. 22, 26, 36]. Now, despite repeated opportunities and warnings, Plaintiff has failed to prosecute this case, and as such, it must be dismissed.

## II. RELEVANT PROCEDURAL HISTORY

On April 14, 2020 the Court dismissed Plaintiff's Second Amended Complaint with leave to amend and granted leave to file a Third Amended Complaint by no later than May 14, 2020. [Dkt. No. 36]. Plaintiff was expressly warned that given his multiple failures to state any claim that complies with Rule 8, the Third Amended Complaint would be his final opportunity to file an amended complaint. [Id. at p. 8].

Plaintiff did not file a Third Amended Complaint, and instead filed objections to the April 14, 2020 Order. In the Objections Plaintiff asserted that he could not "give the facts the way, 4-14-20, is requesting" without unspecified "legal property." [Dkt. No. 37]. On May 22, 2020, the Court issued an Order to Show Cause Why Legal Property is Needed to File an Amended Complaint, directing Plaintiff to file a written response identifying which documents he needed from his "legal property" to file an amended complaint and how he believed each of those documents would assist him in preparing an amended complaint. [Dkt. No. 38]. In response, Plaintiff asserted he has "hidden documents" in his legal property that "shows illegal acts by officers and staff" which include "declarations by inmates and Staff that will attest to fact of plaintiff being jumped" and "documents that show collusion by Delano staff." [Dkt. No. 39, pp. 1-2]. Plaintiff referred to these documents as "evidence" that will support his claims. [Id.]. On June 19, 2020 the Court issued an Order Regarding Last Chance to File Third Amended Complaint. In the order the Court explained that Plaintiff's previous complaints were dismissed for a failure to comply with Rule 8's short, plain statement requirement, and nothing in Plaintiff's Response indicated how his unspecified "legal property" would be necessary or helpful in filing an amended complaint that complies with Rule 8. [Dkt. No. 40]. Accordingly, the Court granted Plaintiff one final

opportunity to comply with the April 14, 2020 Order. [Id.]. Plaintiff was instructed to file either a Third Amended Complaint, a statement of intent to proceed on the Second Amended Complaint despite its deficiencies, or a notice of voluntary dismissal by no later than July 20, 2020. [Id.].

Despite warnings that that case will be dismissed, Plaintiff has not filed an appropriate response to the April 14, 2020 Order Dismissing with Leave to Amend, or June 19, 2020 Order Regarding Last Chance to File Third Amended Complaint.

### III. DISCUSSION

Dismissal of this action is warranted due to Plaintiff's failure to prosecute the case and comply with court orders. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). The Court weighs the following factors when determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Pagtalunan, 291 F.3d at 642.

Here, the first, second, third, and fifth factors weigh in favor of dismissal. First, Plaintiff has failed to respond to the Court's April 14, 2020 Order Dismissing with Leave to Amend or to the June 19, 2020 Order Regarding Last Chance to File Amended Complaint. This failure to prosecute the case has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket.

See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Second, Plaintiff has failed to rebut the presumption that defendants have been prejudiced by this unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("[T]he law presumes injury from unreasonable delay.") (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)). Third, there is no less drastic sanction available as the Court has warned Plaintiff multiple times that the case would be dismissed. Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("[T]he district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Finally, although the fourth factor always weighs against dismissal, here Plaintiff's failure to discharge his responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits. Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991) ("[A]lthough there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Moreover, Plaintiff has failed to submit a complaint that reflects any claim upon which relief may be granted. Having weighed these factors, the Court finds that dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) is warranted.

///

///

///

///

## IV. CONCLUSION

Accordingly, this action is dismissed for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). Judgment is to be entered accordingly.

**IT IS SO ORDERED**.

Dated: September 16, 2020

_____
HONORABLE ANDRE BIROTTE, JR.
United States District Judge

Presented by:

\_\_\_/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge